**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00625-WJM-BNB

DAVID HENDERSON

Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
JEREMY OWNBEY, a Denver Sheriff's Department deputy, in his official and individual capacity; and
JOHN DOE, employee of the Denver Sheriff's Department in his/her official and individual capacity

Defendants.

---

**PROTECTIVE ORDER**

---

Each Party and each Counsel of record are in agreement regarding a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined). The Court orders as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The disclosure of such information outside the scope of this litigation could result in significant injury to a Party's, or another person's, privacy interests.

Any information designated by a party as confidential must first be reviewed by a lawyer

who will certify that the designation as Confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

2. “Confidential Information” means any document, file, portions of files, videos, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a. By imprinting the word “Confidential” on the first page or cover of any document produced;

b. By imprinting the word “Confidential” next to or above any response to a discovery request;

c. During the course of a deposition, by verbally designating testimony to be “Confidential” and subject to the Protective Order; and

d. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as “Confidential” no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or

other purpose whatsoever;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of confidential information and maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If a Party disagrees with the other party's showing of substantial need, then a party may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

9. During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made there from pursuant to paragraph 8 above.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. Any request to restrict access must comply with the requirements of D.C.COLO.LCiv.R 7.2.

12. The termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing

jurisdiction to enforce the terms of this Protective Order, even after this action is terminated. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall secure the files and maintain the confidentiality of the Confidential Information provided subject to this Protective Order and will not disclose the Confidential Information to other persons or use it in other litigation.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated May 29, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**AFFIDAVIT**

STATE OF COLORADO )
) ss
COUNTY OF )

______________________________, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Civil Action No. 11-cv-02441-REB-BNB, copy of which is attached to this Affidavit.

2. I have been informed by ____________________________, Esq., counsel for ________________________________, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the Civil Action referenced above.

5. I will abide by the terms of the Protective Order.

__________________________________________
(Signature)

__________________________________________
(Print or Type Name)

Address: ________________________ Telephone No.: (_____) ________________

***SUBSCRIBED AND SWORN*** to before me this _____ day of ________________, 2012 by ____________________________________.

WITNESS my hand and official seal.

______________________________
Notary Public

My commission expires: ________________
[SEAL]

EXHIBIT A